UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------

|  |  |  |
|---|---|---|
| CHRISTOPHER SAWYER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | 19cv3711 |
| -against- | : | |
| | : | ORDER |
| THE PORT AUTHORITY OF NEW YORK | : | |
| AND NEW JERSEY, PORT AUTHORITY | : | |
| POLICE OFFICER HARRY MARTINEZ | : | |
| SHIELD # 3466, AND PORT AUTHORITY | : | |
| POLICE OFFICER TIMOTHY HARRIS | : | |
| SHIELD #3230, | : | |
| | : | |
| Defendants. | : | |

------------------------------------

WILLIAM H. PAULEY III, Senior United States District Judge:

      Plaintiff Christopher Sawyer brings this federal civil rights action against the Port Authority of New York and New Jersey (the "Port Authority") and two of its officers, Harry Martinez and Timothy Harris (collectively "Defendants"). (See generally ECF No. 1-1.) On May 28, 2020, Sawyer's counsel moved to withdraw pursuant to Local Rule 1.4, claiming they could not maintain this action in good faith. (Mem. of Law in Supp. of Mot. to be Relieved as Counsel, ECF No. 17-1 ("Mem. of Law"), at 2–3.) Sawyer's counsel averred that Defendants' video evidence contradicted the allegations in the Complaint and Sawyer's deposition testimony. (Mem. of Law, at 2.)

      To assess the motion, this Court viewed the video evidence and scheduled an ex parte teleconference with Sawyer and his counsel for July 2, 2020. (ECF No. 21.) When Sawyer failed to appear, this Court issued an order on July 6, 2020: (1) directing Sawyer to respond to his counsel's motion, and (2) scheduling another teleconference for July 31, 2020—this time

with Sawyer, his counsel, and Defendants' counsel. (ECF No. 22.) On July 17, 2020, this Court received an undated letter from Sawyer in which he speculated that additional video evidence existed to support his claims. (ECF No. 24.)

At the July 31, 2020 teleconference—at which Sawyer did not appear—Defendants' counsel represented that there was no additional video evidence of the incident alleged in the Complaint. (Tr. of July 31, 2020 Teleconference, at 5–6.)

On August 3, 2020, this Court: (1) granted Sawyer's counsel's motion to withdraw, (2) directed Sawyer to obtain new counsel, and (3) directed Sawyer and his new counsel—if any—to appear for a September 11, 2020 status teleconference to discuss next steps in this action. (ECF No. 25.) By letter dated August 20, 2020, Sawyer represented that he would appear for the September 11, 2020 teleconference. (ECF No 32.) Again, however, Sawyer failed to appear or communicate with this Court.

On September 23, 2020, this Court issued an order directing Sawyer to appear for yet another status teleconference on October 26, 2020 and warned him that failure to appear could result in dismissal of this action for failure to prosecute and failure to obey this Court's orders. (ECF No. 33.) Once again, Sawyer failed to participate in that teleconference. Sawyer has also failed provide a mailing address, email address, or telephone number.

A district court contemplating dismissal of an action for plaintiff's failure to prosecute or comply with a court order pursuant to Federal Rule of Civil Procedure 41(b) must consider: (1) the duration of plaintiff's failures or noncompliance; (2) whether plaintiff had notice that such conduct would result in dismissal; (3) whether prejudice to the defendant is likely to result; (4) whether the court balanced its interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard; and (5) whether the court adequately

considered the efficacy of a sanction less draconian than dismissal.  <u>Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.</u>, 222 F.3d 52, 63 (2d Cir. 2000).  "Generally, no one factor is dispositive." <u>Nita v. Conn. Dep't of Envtl. Prot.</u>, 16 F.3d 482, 485 (2d Cir. 1994).

      Here, all five factors favor dismissal.  For at least four months, Sawyer has failed to participate in any teleconference.  This Court gave Sawyer notice that such conduct could result in dismissal.  The Defendants have expended resources trying to communicate with Sawyer and arranging teleconferences.  Sawyer's noncompliance impedes this Court's ability to manage its docket, especially in light of the challenges posed by the COVID-19 pandemic.  Given Sawyer's protracted noncompliance, no sanction short of dismissal would vindicate this Court's interest in managing its docket.  Accordingly, this action is dismissed for failure to prosecute and failure to obey this Court's orders pursuant to Rule 41(b).  Defendants shall serve Sawyer with a copy of this Order at his last known address and note service on the docket.  The Clerk of Court is directed to terminate all pending motions and mark this case closed.

Dated: October 30, 2020
       New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.